**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

FILED
2008 Aug 20 AM 10:48
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-30497 |
| | ) | |
| Andrew M. Robins, | ) | Chapter 7 |
| | ) | |
|        Debtor. | ) | Adv. Pro. No. 08-3189 |
| | ) | |
| Andrew M. Robins, | ) | Hon. Mary Ann Whipple |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Judge and The Court, | ) | |
| | ) | |
|        Defendants. | ) | |
| | ) | |

### MEMORANDUM OF DECISION

This adversary proceeding came before the court for hearing on Defendants' unopposed motion to dismiss [Doc. # 10]. Counsel for Defendants appeared in person; however, there was no appearance by or on behalf of Plaintiff. For the reasons that follow, Defendants' motion will be granted.

### BACKGROUND

On June 6, 2008, Judge Speer entered an order in Plaintiff's underlying Chapter 7 case granting a

motion filed by the United States Trustee to extend the time for filing a complaint objecting to Plaintiff's discharge pursuant to 11 U.S.C. § 727.[1] On June 26, 2008, Judge Speer granted the United States Trustee's motion to amend the June 6 order to specify the subsections of § 727 to which the extension of time applied. On July 8, 2008, Plaintiff, proceeding pro se, commenced this adversary proceeding, naming as defendants "Judge and the Court." Plaintiff's Adversary Proceeding Cover Sheet states under "Cause of Action" as follows:

> 11 U.S.C. § 523(a)(8)(A)(i) When a debt stems from "a [F]ederal educational benefit overpayment or loan made" that would "impose an undue hardship on the debtor," such a debt is dischargeable. Here the overpayment/s impose such a hardship.

The attached document, which the court construes as a complaint, includes allegations with respect to the court's June 26 order and requests "that the matter be reviewed by a different judge." [Doc. # 1, Complaint, p. 1]. The complaint also includes statements that Plaintiff "is willing to drop his previous request that the Chapter 7 petition be converted [to] a Chapter 11 case" and that "[t]here are a number of claims that the debtor (pro se) may bring to expand the property of the bankruptcy estate and hence provide the means to repay the creditors listed in the petition" but that "debtor is reluctant to do so without first conferring with the court and the trustee. . . ." Also on July 8, 2008, Plaintiff filed the same document that the court construes as his complaint in this proceeding as a Notice of Appeal to the United States District Court.

## LAW AND ANALYSIS

Defendants' motion is brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

Applying this standard, and giving Plaintiff's pro se complaint a liberal construction as it must, *see*

---

[1] The court takes judicial notice of the contents of its case docket and Plaintiff/Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

2

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court finds that he has failed to state a claim against Defendants that would entitle him to any relief. Plaintiff names "Judge and the Court" as defendants in this proceeding. Thus, it appears that Defendants are being sued in their official capacity. As Defendants correctly state, the real party in interest in an official capacity suit is the governmental entity of which the named defendant is an agent, in this case the United States. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The United States, however, is immune from suit unless it waives immunity by statute. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Plaintiff alleges no exception to the immunity of the United States. Likewise, to the extent that Plaintiff alleges a personal claim against Judge Speer relating to orders entered by him in Plaintiff's bankruptcy case, his claim is barred due to judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). And to the extent that Plaintiff seeks mandamus or injunctive relief relating to the orders entered by Judge Speer, such an action is not the proper procedural mechanism to effect review of those orders. Moreover, such relief is not available because Plaintiff has an adequate remedy at law, namely, an appeal of the orders. *See Pulliam v. Allen,* 466 U.S. 522, 541-42 (1984); *Lavapies v. Bowen*, 687 F. Supp. 1193, 1207 (S.D. Ohio 1988).

Finally, to the extent that Plaintiff seeks a declaration that a student loan debt owed by him is dischargeable under § 523(a)(8) as an undue hardship, Plaintiff has failed to name the proper defendant against whom such relief may be granted. He does not allege that he has any student loan obligations owed to the United States or its agencies. As Defendants note, Plaintiff's bankruptcy schedules show that his student loans are owed to Sallie Mae, a private entity. Any student loan debt owed to Sallie Mae can only be discharged[2] by filing a complaint seeking such relief against Sallie Mae, not any judge or court.

Accordingly, Defendants' motion to dismiss will be granted. A separate order in accordance with this Memorandum of Decision will be entered.

---

[2] The United States Trustee has filed a separate adversary complaint that remains pending objecting to Plaintiff's discharge in the underlying Chapter 7 case.